

**SO ORDERED.**

**SIGNED this 02 day of June, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

ROBERT B. SCOTT

Case No. 09-32696

Debtor

**MEMORANDUM AND ORDER**

The Debtor, a prisoner incarcerated by the Tennessee Department of Corrections at its Northeast Corrections Complex in Mountain City, Tennessee, commenced this Chapter 7 bankruptcy case, *pro se*, by filing a handwritten document on May 14, 2009, entitled "Petition For Chapter 7 Bankruptcy" (Petition),[1] together with a document entitled "Motion to Proceed *In Forma Pauperis* Pauper's Oath" (Motion). Neither the Petition nor Motion were filed using the Official Forms prescribed by the Judicial Conference of the United States as required by Rule 9009 of the Federal Rules of Bankruptcy Procedure, nor was the Petition accompanied by: (1) the verified statement that

---

[1] The Petition was not verified nor did it contain an unsworn declaration as provided in 28 U.S.C. § 1746. *See* FED. R. BANKR. P. 1008.

sets out the Debtor's social security number as required by Bankruptcy Rule 1007(f); (2) a certificate evidencing compliance with the credit counseling briefing requirements of 11 U.S.C. § 109(h)(1), or, alternatively, a certification of exigent circumstances under 11 U.S.C. § 109(h)(3) or a request for a determination by the court under 11 U.S.C. § 109(h)(4) of incapacity or disability; (3) the Statement of Financial Affairs; (4) the Summary of Schedules; (5) the Statistical Summary of Certain Liabilities and Related Data; (6) the Statement of Current Monthly Income and Means Test Calculation; (7) Schedules A through J; and (8) the Payment Advices Statement, all of which are required by the Bankruptcy Code and Bankruptcy Rules to be filed with the Voluntary Petition commencing a Chapter 7 bankruptcy case or, with limited exceptions, within fifteen (15) days thereafter. *See* 11 U.S.C. § 521; FED. R. BANKR. P. 1007(c). Additionally, the Petition was not accompanied by the Master Address List and Verification of Master Address List as required by the court's Local Rule 1007-2.

On May 15, 2009, the court entered an Order, *sua sponte*, instructing Mr. Scott that the clerk's office does not provide the Official Forms nor does it provide legal advice. Additionally, the May 15, 2009 Order directed the Debtor to: (1) pay the $299.00 fee required upon the filing of a voluntary petition under Chapter 7 or, utilizing the appropriate Official Forms, to file an application to pay the filing fee in installments or an application requesting a waiver of the filing fee; (2) to file the required certificate evidencing his compliance with the credit counseling briefing requirements of 11 U.S.C. § 109(h)(1) by May 31, 2009; and (3) utilizing the Official Forms prescribed by the Judicial Conference of the United States, to file the Statement of Social Security Number, Statement of Financial Affairs, Summary of Schedules, Statistical Summary of Certain Liabilities and Related

Data, Statement of Current Monthly Income and Means Test Calculation, Schedules A through J, Payment Advices Statement, Master Address List, and a Verification of Master Address List by May 31, 2009.  The court further directed that upon the Debtor's failure to comply with the May 15, 2009 Order, the Petition would be dismissed.

    On May 29, 2009, the Debtor filed the following:

        A.  A document entitled "Voluntary Petition Under Chapter 7 Bankruptcy" which the court presumes is intended to amend the May 14, 2009 Petition.  This document is undated and unsigned and in no way conforms to Official Form 1 (Voluntary Petition).

        B.  An Application For Waiver of the Chapter 7 Filing Fee For Individuals Who Cannot Pay the Filing Fee in Full or in Installments evidencing that the Debtor maintains a household of one (1) and that his total combined monthly income is $42.00 with his expenses also amounting to $42.00 a month.  This Application conforms to the appropriate Official Form.

        C.  The Statement of Social Security Numbers setting forth the Debtor's social security number.  This Statement conforms to the required Official Form.

        D.  An undated, unsigned document entitled "List of Creditors Filing on Chapter No. 7 Bankruptcy" containing a list of sixteen creditors, ten of which list the address as "unknown."  This document does not conform to the requirements of Local Rule 1007-2.

        E.  An undated and unsigned document entitled "Statement of Current Monthly Income and Means Test Calculation" in which the following handwritten language appears:

> Petitioner Robert B. Scott monthly income total is $42.00 per month,
> Robert B. Scott has a Account with T. Rowe Price Trust Co. IRA Account

>Balance $1.02[.] Robert B. Scott has no Assets, no Automobile's [sic], no land, no property, no children, and no Additional Bank accounts or other accounts. Total around or about Debt is $20,900.00 and can't pay this amount back at $42.00 monthly income. Robert B. Scott's total monthly expenses is $42.00.

This document does not conform to the required Official Form.

>F. A document entitled "Motion For Appointment of Counsel" whereby the Debtor "moves this court to appoint Counsel" to represent him in his bankruptcy case.

>G. A document entitled "Motion For Extension on Filing Documents" whereby the Debtor requests an "additional 15 days to prepare and research Chapter No. 7 Bankruptcy Proceedings and Rules."

The court finds no basis for allowing the Debtor to proceed further with this bankruptcy case. Initially, the court questions the necessity for bankruptcy, Chapter 7 or otherwise, for an individual who apparently has no assets or monthly income and is, therefore, clearly judgment proof. Secondly, Mr. Scott has not obtained the prepetition credit counseling briefing mandated by 11 U.S.C. § 109(h)(1) which, subject to exceptions under § 109(h)(3) and (4), both of which are inapplicable here, provides that

>An individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an appropriate nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outline the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

"Any individual consumer debtor that has not met this requirement may not be a debtor under any chapter of the Bankruptcy Code on and after October 17, 2005." *In re Fields*, 337 B.R. 173, 178 (Bankr. E.D. Tenn. 2005).

Furthermore, "even though incarceration may erect physical barriers to [a] debtor's finding an available telephone or computer to obtain the briefing, it is not a physical impairment in the sense that it is not an injury, defect, or characteristic of this person's physical makeup that prevents him from doing what is necessary to obtain the briefing. Therefore, this court is satisfied that incarceration is not a disability within the meaning of section 109(h)(4), and a permanent waiver is not available." *In re Larsen*, 399 B.R. 634, 637 (Bankr. E.D. Wis. 2009) (also finding that the debtor was not entitled to a temporary waiver under § 109(h)(3) because he did not request a briefing before filing and did not state exigent circumstances).

With regard to the Debtor's Motion for Appointment of Counsel, the Sixth Circuit has held that an individual is "not entitled to have counsel appointed [in] . . . a civil law suit." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002), citing *Iannaccone v. Law*, 142 F.3d 553, 556 (2nd Cir. 1998) (stating that civil litigants who are unable to afford counsel cannot have counsel appointed unless there is a risk of loss of liberty.). Accordingly, the Motion for Appointment of Counsel is DENIED.

Pursuant to § 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "Based upon the express and specific language of § 105(a), it is well settled that the bankruptcy court has the authority to dismiss a case *sua sponte*." *In re Bayer*, 210 B.R. 794, 799 (BAP 8th Cir. 1997); *see also Gary v. Unit*, 2004 WL 390958, at *1 (Bankr. N.D. Tex. Mar. 1, 2004)

(dismissing case for failure to pay filing fee or submit an application to proceed *in forma pauperis* and to amend documents using the proper forms in violation of court order).

While the Debtor has now filed an Application seeking a waiver of the filing fee utilizing the appropriate Official Form, he has not filed his Voluntary Petition, the required statements of financial affairs and schedules, and related documents utilizing the Official Forms.  The court finds no basis for granting an extension of the time because the Debtor, having failed to obtain the credit counseling briefing required by § 109(h)(1), is not eligible to be a debtor under title 11.

For the above reasons, the court directs that the Debtor's Motion for Extension on Filing Documents is DENIED and this Chapter 7 bankruptcy case is DISMISSED.

###